# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.

**CRIMINAL NO. 08-306 (RMC)**

**BARBARA EDENS SPIER,**

**Defendant.**

**FILED**

SEP - 9 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLEA AGREEMENT

Under Federal Rule of Criminal Procedure 11, the United States, the defendant, Barbara Edens Spier, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the District of Columbia.

## A.    Guilty Plea

1.    The defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges that from in or about July 2003 and continuing through in or about July 2007, in the District of Columbia, and elsewhere, the defendant, did knowingly and intentionally, conspire and agree with other persons to (1) defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the United States Agency for International Development, an agency of the United States, and (2) commit certain offenses against the United States, namely (a) to execute and attempt to execute a scheme and artifice with the intend to defraud the United States and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises in any procurement of property or services in which United States Protection and Investigations, LLC was the subcontractor with the United States, with the Louis Berger Group, Inc. being the prime contractor, and the contract value for such property and services was $1,000,000 or more in violation of Title 18, United States Code, Section 1031 and (b) to execute and attempt to execute a scheme and artifice to defraud and to obtain money from the United States, namely USAID, by means of materially false and fraudulent pretenses, representations, and promises, and, in furtherance of the scheme and artifice to defraud, to transmit and cause to be transmitted, interstate and foreign wire communications in the form of wirings, signs, and signals in violation of Title 18, United States Code, Section 1343 all in violation of Title 18, United States Code, Section 371.

2.      The defendant further acknowledges the waiver of rights, as set forth in the attachment to this agreement.

3.      The government agrees to dismiss, without prejudice, Counts 2 through 7 of the Indictment.

**B.      Factual Basis for the Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea(s):

Beginning in June 2003 through July 2007, the defendant and others willfully conspired to commit major fraud in violation of 18 U.S.C. § 1031 and wire fraud in violation of 18 U.S.C. § 1343. The defendant was the President and Owner of USPI. USPI was a security firm with offices in Texas and Afghanistan. In June 2003, USPI was awarded a subcontract from LBGI pursuant to a contract LBGI had with USAID under the Rehabilitation of Economic Facilities Program. The defendant signed the subcontract with LBGI. According to the subcontract, USPI would be reimbursed by LBGI for all incurred expenses and would receive a five percent profit

2

based upon incurred expenses.

USPI was required to provide supporting documentation for all incurred costs, which included expenses to rent vehicles, purchase fuel, and pay local Afghan security personnel. Such documentation, usually presented as an invoice, would be attached to USPI's voucher, certified by USPI management and submitted to LBGI. The USPI vouchers and certifications that were submitted to LBGI became one of the expenses listed in LBGI vouchers that were ultimately submitted to USAID. LBGI in Kabul compiled LBGI's vouchers and emailed or sent them by FedEx to its offices in Washington, DC for approval. LBGI in Washington, DC would approve and then submit the voucher to USAID/Afghanistan by electronic mail.

Beginning in June 2004, the defendant and others conspired to and did in fact cause invoices to be fabricated related to the cost of rental vehicles in the vouchers USPI submitted to LBGI under the subcontract. The defendant and others caused the fabricated invoices to be submitted to LBGI as supporting documentation to justify USPI's inflated expenses under the Rehabilitation for Economic Facilities Program.

Among others, in or about January 2004, the defendant certified and submitted the following USPI Voucher to LBGI containing inflated expenses: USPI Voucher #16 for the Kabul to Kandahar road project.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against her. It does not include all of the facts known to her concerning criminal activity in which she and others engaged. The defendant makes this statement knowingly and voluntarily because she is in fact guilty of the crime charged.

C.     **Statutory Maximum Sentences, Fines, Supervised Release, and Special Assessments**

4.     The defendant understands, agrees and has had explained to her by counsel that the Court may impose the following statutory maximum sentences: Count 1 (conspiracy), five years imprisonment, a three-year period of supervised release, a fine of $250,000 or twice the gross pecuniary gain to the defendant or loss to the victim(s), whichever is greater, and a $100 special assessment.

5.     The defendant agrees to pay the special victims/witness assessment in the amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

6.     The defendant further understands that supervised release may be revoked if its terms and conditions are violated.  When supervised release is revoked, the original term of imprisonment may be increased by up to 3 years per count of conviction in the case of Class B felonies.  Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

D.     **Cooperation**

7.     The defendant agrees to cooperate fully and truthfully with the government as follows:

> a.     The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully or provides untruthful information in any way she may be prosecuted for a false statement or for perjury.

4

b.      The defendant agrees to provide all information concerning her knowledge of, and participation in, violations of federal law and any other crimes (including all state and foreign law offenses) about which she has knowledge. The defendant further understands and agrees that all information and cooperation provided after signing this agreement may be used for any purpose, including sentencing.

c.      The defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

d.      The defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

e.      The defendant agrees to hold herself reasonably available for any interviews as the government may require.

f.      The defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any crime.

g.      The defendant understands that her cooperation shall be provided to any federal, foreign, or other law enforcement agency as requested by the government.

h.      The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement, disclosing all assets over which the defendant exercises direct or indirect control, or in

5

which the defendant has any financial interest. Such disclosure shall be made no later than September 30, 2009.

i. The defendant further agrees to authorize the release to the United States of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure.

j. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will join any request by the government to postpone sentencing until after her cooperation is complete.

k. The defendant understands that it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement.

l. The defendant agrees that if the government determines, in its sole discretion, *subject to the Court's approval based on a finding by a preponderance of the evidence,* that the defendant has not provided full and truthful cooperation, has acted contrary to the direction of the government, has not provided full and truthful information about the defendant's assets, income and financial status, or has committed any federal, state or local crime between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, then the government may

6

at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the course of cooperation; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed, based on and using any information provided by the defendant during the course of cooperation; (c) decline to file any motion under USSG § 5K1.1 and/or Rule 35; (d) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (e) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty pleas will stand and cannot be withdrawn by her.

m.      The defendant agrees and understands that this agreement requires that her cooperation regarding any matter about which the defendant has knowledge as of the date of sentencing may continue even after the time that the defendant is sentenced.    The defendant agrees that if the government determines that the defendant has failed to cooperate: the sentence may be set aside upon government motion; any charges that were dismissed under this agreement shall be reinstated upon motion of the government; any prosecution may be based on and use any information provided by the defendant during the course of cooperation; and the government may withdraw any departure motion filed under USSG § 5K1.1 and/or Rule 35.

n.      The decision both as to whether the defendant has violated the terms of
this agreement and the election of a remedy or remedies will be in the sole
*subject to the court's approval based on a finding by*
discretion of the government. The defendant understands and agrees that
*preponderance of the evidence*
the fact that the government has not asserted a breach of this agreement or
enforced a remedy under this agreement will not bar the government from
raising that breach or enforcing a remedy at a later time.

8.      Pursuant to USSG §1B1.8(a) the government agrees that self-incriminating
information provided by the defendant by cooperating with the government will not be used in
determining the applicable guideline range during sentencing.

**E.    Waivers**

9.      The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A
(Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation
or prosecution of this matter.

a.      The defendant agrees that this plea agreement binds only the Fraud
Section of the Criminal Division of the United States Department of
Justice and the United States Attorney's Office for the District of
Columbia, and it does not bind any other federal, state, local, or foreign
prosecuting authority.

10.     The defendant may not withdraw her plea because the Court declines to follow
any recommendation, motion or stipulation by the parties to this agreement.   No one has
promised or guaranteed to the defendant what sentence the Court will impose.

11.     In exchange for the undertakings made by the government in entering this plea
agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally

8

attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

      i.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of her sentence.

      ii.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

      (1)      The defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above; and/or

      (2)      The sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or

      (3)      the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

12.      The defendant also waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

9

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

13.    By entering this plea of guilty, the defendant also waives any and all rights the defendant may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the government and will therefore not be available for DNA testing in the future.

**F.    Sentencing**

14.    The parties understand that the Court will find sentencing factors by a preponderance of the evidence.

15.    Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual effective November 1, 2008. It is understood and agreed that: (1) the parties are free to argue the applicability of the Sentencing Guidelines provisions regarding criminal history;   (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

        a.    The parties agree and stipulate that the defendant qualifies for a base offense level of 6, under USSG § 2B1.1(a);

        b.    The parties agree and stipulate that the loss amounts exceeded $2,500,000 but were less than $7,000,000 increasing the offense level by 18 under USSG § 2B1.1(b)(1)(J) and (K);

10

c.     The parties agree and stipulate that the defendant was a minimal participant in the criminal activity decreasing her offense level by 4 under USSG § 3B1.2;

d.     The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for her offense decreasing her offense level by 2 under USSG § 3E1.1

e.     The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying the government of her intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently decreasing her offense level by 1 under USSG § 3E1.1(b),

f.     Therefore, the parties agree and stipulate that the defendant qualifies for an adjusted offense level of 17.

16.     If, prior to the time of sentencing, the government discovers that the defendant has engaged in additional criminal conduct beyond the scope of the indictment in this case, this agreement does not preclude the government from requesting the Court to consider such additional criminal conduct as relevant conduct in sentencing the defendant under Guideline Section 1B1.3.

17.     Nothing in this agreement prevents the defendant from seeking any departure from the applicable guidelines ranges or a variance pursuant to the factors identified in 18 U.S.C. § 3553(a).

18.     The government agrees to recommend a sentence to the Court within the range of the stipulated guideline level.

**G.     Restitution and Forfeiture**

19.     The parties agree that the Court shall order restitution or every identifiable victim of the defendant's offenses.   The victim is the United States Agency for International Development.   The government agrees that the value of the property returned to the victim through the forfeiture and remission process shall be credited against any order of restitution due to the victim.

20.     The defendant agrees to forfeit to the United States, voluntarily and immediately, all assets and their substitutes which are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the sum of $3,000,000, which represents the proceeds of the fraud.  The parties agree that if more than one defendant is convicted of the offenses, the defendants so convicted are jointly and severally liable for the amount involved in these offenses.  The government agrees to dismiss the civil forfeiture action against the defendant's residence upon full satisfaction of forfeiture in accordance with this paragraph.

**H.     General Provisions**

21.     The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

22.     The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that she is guilty.

12

23.    It is agreed that the United States will not seek detention of the defendant pending sentencing and will not oppose voluntary surrender if a period of incarceration is ordered by the Court.

24.    It is agreed that the plea agreement contains no additional promises, agreements or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements or understandings will be entered into unless in writing and signed by all parties.

STEVEN A. TYRRELL
Chief, Fraud Section
United States Department of Justice
Criminal Division

BARBARA EDENS SPIER
Defendant

JENNIFER R. TAYLOR
Trial Attorney, Fraud Section
United States Department of Justice
Criminal Division

LISA A. PRAGER
Counsel for the Defendant

DAVID J. GORMAN
Assistant United States Attorney
United States Attorney's Office
For the District of Columbia

Date:

13

Attachment

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 08-306 (RMC)

BARBARA EDENS SPIER,

Defendant.
_____/

**FILED**

SEP - 9 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.    I understand that I do not have to plead guilty.

2.    I may plead not guilty and insist upon a trial.

3.    At that trial, I understand

    a.    that I would have the right to be tried by a jury that would be selected from the District of Columbia and that along with my attorney, I would have the right to participate in the selection of that jury;

    b.    that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

    c.    that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

    d.    that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

    e.    that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

    f.    that through my lawyer I would have the right to confront and cross examine the witnesses against me;

14

g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

h.    that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.    I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.    I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.    I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

7.    Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.


_____
BARBARA EDENS SPIER
Defendant


_____
LISA A. PRAGER
Counsel for the Defendant

15